SUSAN JAMES *vs.* EDWARD K. JAMES, Executor.

A claim holder against the insolvent estate of a decedent may, after his claim has been stricken out of the commissioner's report under Pub. Stat. R. I. cap. 186, § 15, bring suit thereon without giving notice of his intention so to do.

EXCEPTIONS to the Court of Common Pleas.

*Providence, October* 18, 1884.    CARPENTER, J.    This is an action to recover damages for non payment of a sum of money alleged to have been due from the defendant's testator.    The defendant pleads that the estate was represented insolvent; that the commissioners allowed the claim of the plaintiff; that the defendant, being dissatisfied with the allowance, gave notice thereof to the Probate Court and to the plaintiff within forty days after the report was received, and the claim was thereupon stricken out of the report; and " that no notice in writing was ever given by said plaintiff in the office of the clerk of said Probate Court that she should have said claim determined at common law, in manner and form as is required by the statute." To this plea the plaintiff demurred, the demurrer was overruled by the Court of Common Pleas and judgment given for the defendant, and the plaintiff brings this bill of exceptions.

The question is whether notice in writing was required to be given by the plaintiff in the office of the clerk of the Court of Probate before bringing this suit.    The statute applicable to the

subject is contained in sections 12 and 15 of chapter 186 of the Public Statutes, which are as follows :

SECT. 12. Notwithstanding the report of the commissioners, any creditor whose claim is wholly or in part rejected may have the same determined at common law, in case he shall give notice thereof, in writing, in the office of the clerk of the Probate Court within forty days, and bring and prosecute his action within sixty days after such report shall be received.

SECT. 15. In case the executor or administrator shall be dissatisfied with the claim of any creditor allowed by the commissioners, and shall give notice thereof in the office of the clerk of the Probate Court, and also to the creditor, within forty days as aforesaid, such claim shall, by the Court of Probate, be stricken out of the report of the commissioners ; in which case the claimant may, within sixty days after notice thereof, bring his action at common law, in the same manner, upon the same conditions, and with like effect, as if his claim had been wholly or in part rejected by the commissioners.

The fifteenth section applies to the present case, and contains no requirement of notice by the claimant unless such notice be required by the provision that he shall bring his action "in the same manner" and "upon the same conditions" as if his claim had been rejected. But it is to be noted that the forty days allowed to the claimant for giving notice in case his claim is rejected and the forty days allowed to the executor for giving notice in case the claim is allowed, commence at the same time, that is, at the time the report is received. If, therefore, notice be required from the claimant in case his claim is allowed and afterwards stricken out, it will follow that the time for giving such notice runs out at the same time with the time allowed to the executor in which to give notice of his objection to the claim. The executor might delay his notice until the last moment of the allotted time, and thus prevent any notice and suit by the claimant. The statute thus interpreted would require a notice from the claimant and at the same time leave no time within which it could be given.

It is, perhaps, somewhat difficult to say what are the conditions referred to and prescribed by the last clause of the fifteenth sec-

tion ; but we think it clear that they do not include a notice which the executor by his own action may make it impossible to give. The exceptions must be sustained.

*Exceptions sustained.*

*Benjamin L. Dennis*, for plaintiff.
*Thomas H. Peabody*, for defendant.